FILED
A.M. August 27, 2001
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By Debbie Baker
DEPUTY

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:01CR31-3 |
| | § | |
| JOSEPH FRANKLIN SMITH, JR. | § | |

<u>**DEFENDANT'S MOTION IN LIMINE**</u>

["OTHER CRIMES" AND UNCHARGED MISCONDUCT]
[RULE 103, 104, 403, 404(B) AND 609, F.R.Ev.]

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE EASTERN DISTRICT OF TEXAS:**

NOW COMES, the Defendant, by and through his attorney of record, and moves this Honorable Court before trial in Limine pursuant to Rule 103 and 104 of the Federal Rules of Evidence for an Order instructing the attorney for the Government, his representatives and witnesses to refrain from making any direct or indirect reference whatsoever, at trial before the jury of any extraneous crimes or misconduct by the Defendant or other defense witnesses other than those specifically set out in the Indictment until a hearing has been held outside the presence of the jury to determine the following:

1. Whether Defendant or witness was formally charged and convicted within the past ten (10) years of said criminal conduct and said conviction carried a maximum punishment of more than one (1) year or said criminal offense involved dishonesty or false statements and would be admissible for impeachment purposes pursuant to Rule 609, Federal Rules of Evidence.

2. If no conviction and not offered for impeachment purposes, then whether said "other crimes" or misconduct fits one of the exceptions to the general rule excluding such evidence tending to prove general character pursuant to Rule 404(b), Federal Rules of Evidence, and then only in rebuttal.



000075

    3.    Even if said "other crimes" were to constitute one of the Rule 404(b) exceptions, whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading, unnecessary or cumulative pursuant to Rule 403, Federal Rules of Evidence.

And as grounds therefore the Defendant would respectfully show unto this Honorable Court the following:

### I.

That the Defendant may wish to take the stand and testify in his own behalf in said cause and may call witnesses on his behalf.

### II.

That should the attorney for the Government, his representative, or her witness be allowed to introduce evidence, make reference to, cross-examine the Defendant or defense witnesses with respect to, or otherwise leave the jury with an impression with respect to any other and extraneous crimes or misconduct by the Defendant or his witnesses other than those specifically set out in the Indictment presented herein would allow the attorney for the Government to get before the jury the fact that the Defendant or other defense witnesses committed other and extraneous offenses than the one for which he is on trial herein, which are remote in time and which are not relevant to the question of the Defendant's or other defense witnesses' truthfulness and veracity and would further allow the attorney for the Government to get before the jury other crimes which do not constitute an exception to the rule against such general character evidence or which is prejudicial or not needed by the Government in their case in chief or which is immaterial and unnecessary to the disposition of this case.

000075

III.

That an ordinary objection during the course of trial even sustained with proper instructions to the jury will not remove such effect in view of its highly prejudicial content.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant prays that this Honorable Court order and instruct the attorney for the Government, his representatives and his witnesses not to elicit or give testimony respecting, allude to, cross examine respecting, mention, or refer to any misconduct or alleged violations of the law, and to instruct the attorney for the Government, his representatives and witnesses not to elicit or give any testimony respecting, cross examine respecting, mention or refer to any prior convictions in the presence and hearing of the jury until a hearing has been held outside the presence of the jury and before this Honorable Court to determine the above set out relevant factors.

Respectfully Submitted,

By _____
Toni M. Triplett
TBA #20228550
**Fed Bar # 13745**
1919 North Loop West, Ste. 395
Houston, Texas  77008
tel.    (713) 290-1670
fax    (713) 290-1681
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Motion in Limine and Memorandum has been furnished to the Assistant U. S. Attorney presently assigned to this case, by hand delivery on this _____ day of August, 2001.

Toni M. Triplett

000077