FILED - CLERK
U.S. DISTRICT COURT                    1

1    UNITED STATES DISTRICT COURT  JUL 14 PM 3: 59
     EASTERN DISTRICT OF TEXAS
2         BEAUMONT DIVISION    TX EASTERN-BEAUMONT

3   UNITED STATES OF AMERICA        *   DOCKET NO. 1:01CR31
                                    *
4                                   *        BY
    V.                              *   9:05 A.M., NOVEMBER 26, 2001
5                                   *
                                    *
6   JOSEPH FRANKLIN SMITH           *   BEAUMONT, TEXAS

7   -----------------------------------------------------------

8              VOLUME 1 OF 1, PAGES 1 THROUGH 26
            REPORTER'S TRANSCRIPT OF PLEA HEARING
9          BEFORE THE HONORABLE RICHARD A. SCHELL
                   UNITED STATES DISTRICT
10
11  -----------------------------------------------------------
12
13  APPEARANCES:

14  FOR THE GOVERNMENT:           TRACEY M. BATSON
                                  ASSISTANT U.S. ATTORNEY
15                                350 MAGNOLIA, SUITE 150
                                  BEAUMONT, TEXAS   77701
16
17  FOR THE DEFENDANT:            TONI M. TRIPLETT
                                  EDMOND O'SUJI
18                                ATTORNEYS AT LAW
                                  1919 NORTH LOOP WEST, SUITE 395
19                                HOUSTON, TEXAS   77018
20
21
22  PROCEEDINGS REPORTED USING COMPUTERIZED STENOTYPE, TRANSCRIPT
23  PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
24
25



REPORTER'S TRANSCRIPT OF PLEA HEARING

2

1   9:05 A.M.                                    NOVEMBER 26, 2001

2              [CALL TO ORDER OF THE COURT]

3              [OPEN COURT, DEFENDANT PRESENT]

4        THE COURT:  SCHEDULED FOR TRIAL TODAY IS THE CASE

5   OF THE UNITED STATES VERSUS JOSEPH FRANKLIN SMITH.  COUNTS 4

6   AND 5 OF THE INDICTMENT HAVE NOT BEEN TRIED BECAUSE THEY WERE

7   SEVERED WHEN WE TRIED COUNTS 1, 2, AND 3 EARLIER IN THE YEAR.

8        TRACY BATSON IS THE ASSISTANT U.S. ATTORNEY ON

9   THIS CASE, AND TONI TRIPLETT IS THE DEFENSE LAWYER.

10       AND MY QUESTION IS TO MS. TRIPLETT.  WHAT IS

11  MR. SMITH GOING TO DO?

12       MS. TRIPLETT:  YOUR HONOR, IT IS MY BELIEF THAT WE

13  WILL BE MAKING A PLEA IN THIS MATTER; BUT I NEED A FEW MORE

14  MINUTES TO SPEAK WITH MY CLIENT AND MS. BATSON.  WE'RE TRYING

15  TO SEE IF WE CAN RESOLVE A FEW ISSUES THAT ARE A HOLDUP STILL

16  ON THIS MATTER.  AND I DID CALL HER SECRETARY THIS WEEK AND

17  INFORM HER OF THAT, THAT I BELIEVE WE MAY BE ABLE TO WORK THIS

18  OUT THIS MORNING.

19       THE COURT:  OKAY.  SO, WERE YOU IN THE PROCESS OF

20  TALKING WHEN I CAME IN?

21       MS. TRIPLETT:  YEAH.  I WAS TALKING WITH

22  MR. SMITH, AND THEN I NEED TO SPEAK WITH MS. BATSON.

23       THE COURT:  HOW MUCH MORE TIME DO YOU NEED?

24       MS. TRIPLETT:  I WOULD SAY ABOUT 15 MINUTES,

25  YOUR HONOR.

3

1      THE COURT:  ALL RIGHT.  WE'LL RECESS FOR 15

2  MINUTES.

3      [RECESS, 9:06 A.M. TO 9:50 A.M.]

4      THE COURT:  ALL RIGHT.  MR. O'SUJI, IS IT

5  MR. SMITH'S INTENTION TO ENTER A PLEA OF GUILTY TO COUNT 5 OF

6  THE INDICTMENT?

7      MR. O'SUJI:  YES, YOUR HONOR.

8      THE COURT:  ALL RIGHT.  MR. SMITH, WOULD YOU STAND

9  AT THE PODIUM RIGHT BACK HERE AND SPEAK INTO THE MICROPHONE,

10  PLEASE.

11      NOW, MR. O'SUJI, I SEE YOU'RE HERE.  I DON'T SEE

12  MS. TRIPLETT.  ARE WE GOING TO WAIT FOR HER, OR IS SHE GONE

13  SOMEPLACE ELSE?

14      MR. O'SUJI:  WITH A CAUTION, JUDGE, I THINK WE

15  SHOULD WAIT FOR HER.

16      THE COURT:  OKAY.  I DIDN'T KNOW IF SHE HAD LEFT

17  TO GO BACK TO HOUSTON OR SOMETHING.

18      MR. O'SUJI:  NO, JUDGE.

19      THE COURT:  OKAY.  WE'LL JUST WAIT.

20      MR. O'SUJI:  THANKS, YOUR HONOR.

21      THE COURT:  WE'RE READY TO PROCEED NOW WITH THE

22  PLEA, AND I'M INFORMED THAT MR. SMITH IS GOING TO ENTER A PLEA

23  OF GUILTY TO COUNT 5 OF THE INDICTMENT.

24      MS. TRIPLETT:  THAT'S TRUE, YOUR HONOR.

25      THE COURT:  ALL RIGHT.  MR. SMITH, WOULD YOU RAISE

4

1  YOUR RIGHT HAND.

2          [DEFENDANT SMITH IS DULY SWORN BY THE DEPUTY

3  CLERK.]

4          THE COURT:  MR. SMITH, DO YOU UNDERSTAND THAT YOU

5  ARE NOW UNDER OATH AND THAT IF YOU SHOULD ANSWER FALSELY ANY

6  OF THE QUESTIONS I'M ABOUT TO ASK YOU, YOUR ANSWERS COULD BE

7  USED AGAINST YOU IN A SEPARATE PROSECUTION FOR PERJURY OR

8  MAKING A FALSE STATEMENT?

9          THE DEFENDANT:  YES, SIR.

10         THE COURT:  WOULD YOU STATE YOUR FULL NAME.

11         THE DEFENDANT:  JOSEPH FRANKLIN SMITH, JR.

12         THE COURT:  AND WHAT IS YOUR AGE?

13         THE DEFENDANT:  I'M 20, SIR.

14         THE COURT:  HOW FAR DID YOU GO IN SCHOOL?

15         THE DEFENDANT:  I WAS IN COLLEGE, A FRESHMAN AT

16 S.T.S.U. UNIVERSITY.

17         THE COURT:  ALL RIGHT.  SO, YOU GRADUATED FROM

18 HIGH SCHOOL?

19         THE DEFENDANT:  YES, SIR.

20         THE COURT:  HAVE YOU BEEN TREATED RECENTLY FOR ANY

21 MENTAL ILLNESS OR ADDICTION TO NARCOTIC DRUGS?

22         THE DEFENDANT:  NO, SIR.

23         THE COURT:  ARE YOU PRESENTLY UNDER THE INFLUENCE

24 OF ANY DRUGS OR MEDICATION OR ALCOHOLIC BEVERAGE?

25         THE DEFENDANT:  NOT AT THIS MOMENT.

5

1       THE COURT:  ALL RIGHT.  HAVE YOU RECEIVED A COPY

2  OF THE INDICTMENT IN THIS CASE?

3       THE DEFENDANT:  YES, SIR.

4       THE COURT:  DO YOU UNDERSTAND THAT IN COUNT 5 OF

5  THE INDICTMENT, YOU ARE ACCUSED OF KNOWINGLY USING, CARRYING,

6  AND BRANDISHING A FIREARM DURING AND IN RELATION TO A CRIME OF

7  VIOLENCE, NAMELY, CARJACKING, THAT IS, KNOWINGLY AND

8  INTENTIONALLY TAKING A MOTOR VEHICLE THAT HAD BEEN TRANSPORTED

9  IN INTERSTATE COMMERCE FROM THE PERSON AND PRESENCE OF ANOTHER

10  BY FORCE, VIOLENCE, AND INTIMIDATION WITH THE INTENT TO CAUSE

11  DEATH AND SERIOUS BODILY INJURY?  DO YOU UNDERSTAND THAT'S

12  WHAT YOU'RE ACCUSED OF?

13       THE DEFENDANT:  YES, SIR.

14       THE COURT:  HAVE YOU DISCUSSED THOSE ACCUSATIONS

15  WITH YOUR ATTORNEYS?

16       THE DEFENDANT:  YES, SIR.

17       THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT WHAT

18  YOU'RE ACCUSED OF?

19       THE DEFENDANT:  NO, SIR.

20       THE COURT:  ARE YOU COMPLETELY SATISFIED WITH THE

21  COUNSEL AND ADVICE THAT MS. TRIPLETT AND MR. O'SUJI HAVE GIVEN

22  YOU?

23       THE DEFENDANT:  YES, SIR.

24       THE COURT:  ALL RIGHT.  NOW, I HAVE A PLEA

25  AGREEMENT THAT HAS BEEN HANDED TO ME; AND IT IS DATED TODAY,

6

1    NOVEMBER 26TH, 2001.  IS THAT YOUR SIGNATURE ON THE PLEA

2    AGREEMENT?

3             THE DEFENDANT:  YES, SIR.

4             THE COURT:  DID YOU SIGN THE PLEA AGREEMENT -- DID

5    YOU READ THE PLEA AGREEMENT BEFORE YOU SIGNED IT?

6             THE DEFENDANT:  YES, SIR.

7             THE COURT:  DID YOU DISCUSS IT WITH YOUR

8    ATTORNEYS?

9             THE DEFENDANT:  YES, SIR.

10             THE COURT:  PARAGRAPH 1 STATES THAT YOU ARE GIVING

11   UP YOUR RIGHT TO A JURY TRIAL AND ENTERING A PLEA OF GUILTY TO

12   COUNT 5 OF THE INDICTMENT WHICH, AS I WENT OVER A FEW MINUTES

13   AGO, ACCUSES YOU OF USING A FIREARM IN RELATION TO A CRIME OF

14   VIOLENCE.  IS THAT YOUR INTENTION, TO GIVE UP YOUR RIGHT TO A

15   JURY TRIAL AND PLEAD GUILTY TO COUNT 5?

16             THE DEFENDANT:  YES, SIR.

17             THE COURT:  PARAGRAPH 2 INFORMS YOU THAT UPON

18   CONVICTION, YOU MAY RECEIVE A SENTENCE OF IMPRISONMENT OF NOT

19   LESS THAN 25 YEARS AND A FINE NOT TO EXCEED $250,000 MAY ALSO

20   BE IMPOSED.  IN ADDITION, YOU WILL BE PLACED ON SUPERVISED

21   RELEASE FOLLOWING YOUR IMPRISONMENT FOR A PERIOD OF AT LEAST

22   THREE YEARS BUT NOT MORE THAN FIVE YEARS; AND YOU WILL BE

23   REQUIRED TO PAY A 100-DOLLAR SPECIAL ASSESSMENT TO THE

24   GOVERNMENT ON OR BEFORE SENTENCING.  DO YOU UNDERSTAND THAT

25   RANGE OF PUNISHMENT?

REPORTER'S TRANSCRIPT OF PLEA HEARING

7

1       THE DEFENDANT:  YES, SIR.

2       THE COURT:  PARAGRAPH 3 INFORMS YOU THAT YOU MAY

3   BE RESPONSIBLE FOR RESTITUTION THAT ARISES OUT OF THE

4   CARJACKING AS OUTLINED IN COUNT 4 OF THE INDICTMENT.  DO YOU

5   UNDERSTAND THAT?

6       THE DEFENDANT:  YES, SIR.

7       THE COURT:  PARAGRAPH 4 INFORMS YOU THAT YOUR

8   SENTENCE WILL BE CALCULATED UNDER THE U.S. SENTENCING

9   GUIDELINES AND THAT YOUR SENTENCE COULD BE UP TO THE MAXIMUM

10  THAT I'VE JUST DESCRIBED FOR YOU.  DO YOU UNDERSTAND THAT?

11      THE DEFENDANT:  YES, SIR, I UNDERSTAND.

12      THE COURT:  IS THE RANGE HERE, MS. BATSON, 25 TO

13  LIFE?

14      MS. BATSON:  YES, YOUR HONOR.  IF IT IS DETERMINED

15  THAT THERE IS A SUBSEQUENT CONVICTION, IT WILL BE 25 TO LIFE.

16      THE COURT:  OKAY.  ALL RIGHT.  MR. SMITH, DO YOU

17  UNDERSTAND THAT RANGE OF PUNISHMENT?

18      THE DEFENDANT:  YES, I DO, YOUR HONOR.

19      THE COURT:  ALL RIGHT.  HAS ANYONE GIVEN YOU ANY

20  ESTIMATE OF WHAT YOUR GUIDELINE SENTENCING RANGE MAY BE?

21      THE DEFENDANT:  NO, SIR.

22      THE COURT:  OKAY.  DO YOU UNDERSTAND THAT IF YOU

23  DO RECEIVE AN ESTIMATE BEFORE YOUR SENTENCING, THAT THAT

24  ESTIMATE IS ONLY A PREDICTION AND THAT THE COURT CANNOT INFORM

25  YOU OF THE GUIDELINE SENTENCING RANGE UNTIL A FULL PRESENTENCE

8

1  REPORT IS COMPLETED?

2          THE DEFENDANT:  YES, YOUR HONOR.

3          THE COURT:  ALL RIGHT.  PARAGRAPH 5 STATES THAT

4  THE GOVERNMENT DOES NOT OPPOSE A DOWNWARD DEPARTURE FOR

5  ACCEPTANCE OF RESPONSIBILITY.

6          WHAT DO YOU MEAN "DOWNWARD DEPARTURE"?  DO YOU

7  MEAN JUST CREDIT FOR ACCEPTANCE OF RESPONSIBILITY?

8          MS. BATSON:  YES, SIR, YOUR HONOR.  IF THE

9  PROBATION OFFICE MAKES A FINDING, WE AGREE NOT TO OPPOSE THAT

10 FINDING.

11         THE COURT:  THAT HE'S ENTITLED TO ACCEPTANCE OF

12 RESPONSIBILITY?

13         MS. BATSON:  YES, SIR.

14         THE COURT:  ALL RIGHT.  WELL, LET'S SEE.  THE

15 ACCEPTANCE OF RESPONSIBILITY ON THIS COUNT.

16         MS. BATSON:  CORRECT, IN THIS CASE.

17         THE COURT:  THE OTHER COUNTS WENT TO TRIAL.

18         MS. BATSON:  CORRECT.

19         THE COURT:  I HAVEN'T SENTENCED HIM YET ON THE

20 OTHER COUNTS, HAVE I?

21         MS. BATSON:  NO, SIR, YOUR HONOR.

22         THE COURT:  OKAY.  ALL RIGHT.  PARAGRAPH 6 STATES

23 THAT IF THE SENTENCE YOU RECEIVE IS ONE THAT YOU ARE NOT

24 SATISFIED WITH, YOU MAY NOT WITHDRAW YOUR PLEA OF GUILTY

25 SIMPLY FOR THAT REASON.  DO YOU UNDERSTAND THAT?

9

1                THE DEFENDANT:  YES, SIR, I UNDERSTAND.

2                THE COURT:  PARAGRAPH 7 INFORMS YOU THAT YOU MUST

3 COMPLETE A FINANCIAL STATEMENT NO LATER THAN TWO WEEKS BEFORE

4 SENTENCING.  DO YOU PROMISE TO DO THAT?

5                THE DEFENDANT:  YES, I PROMISE.

6                THE COURT:  PARAGRAPH 8 STATES THAT THE GOVERNMENT

7 WILL NOT PROSECUTE YOU FOR COUNT 4 OF THE INDICTMENT AND WILL

8 DISMISS THAT COUNT UPON YOUR SENTENCING FOR COUNT 5 AND

9 COUNTS 1, 2, AND 3, ALSO, AND THAT THE GOVERNMENT WILL NOT

10 PROSECUTE YOU FOR CERTAIN OTHER OFFENSES.  IS THAT PART OF

11 YOUR AGREEMENT?

12               THE DEFENDANT:  YES, SIR, THAT'S RIGHT.

13               THE COURT:  PARAGRAPH 9 STATES THAT YOU ARE GIVING

14 UP YOUR RIGHT TO APPEAL YOUR CONVICTION AND SENTENCE EXCEPT

15 THAT YOU ARE RETAINING THE RIGHT TO APPEAL THE COURT'S

16 CALCULATIONS UNDER THE SENTENCING GUIDELINES.  IS THAT YOUR

17 AGREEMENT?

18               THE DEFENDANT:  THAT'S MY AGREEMENT.

19               THE COURT:  NOW, DOES THIS WAIVER OF RIGHT TO

20 APPEAL INCLUDE HIS CONVICTION FOR COUNTS 1, 2, AND 3?

21               MS. TRIPLETT:  NO, YOUR HONOR.  WE WERE JUST

22 TALKING IN TERMS OF THESE TWO COUNTS, 4 AND 5.

23               THE COURT:  OKAY.  WELL, IF THAT'S YOUR

24 UNDERSTANDING.  IS THAT YOUR UNDERSTANDING, MS. BATSON?

25               MS. BATSON:  YES, SIR, YOUR HONOR.

10

```
1           THE COURT:  THE PARAGRAPH SAYS "THIS CASE."
2           MS. BATSON:  RIGHT.  MAY I HAVE A MINUTE?
3           THE COURT:  ALL RIGHT.
4           MS. BATSON:  YOUR HONOR, IF THEY COULD JUST HAVE A
5  MINUTE.
6           MS. TRIPLETT:  CAN WE HAVE ONE MINUTE, YOUR HONOR?
7           THE COURT:  ALL RIGHT.
8           MS. BATSON:  YOUR HONOR, PARAGRAPH 9, IT'S MY
9  UNDERSTANDING, WILL COVER THE ENTIRE CASE, COUNTS 1, 2, AND 3
10 AS WELL AS COUNT 5, THE FIRST TRIAL AS WELL AS THIS PLEA.
11          THE COURT:  OKAY.
12          MS. BATSON:  SO, HE DOES UNDERSTAND THAT.
13          THE COURT:  OKAY.  DO YOU UNDERSTAND THAT,
14 MR. SMITH?  IN OTHER WORDS, DO YOU UNDERSTAND THAT PARAGRAPH 9
15 IS SAYING THAT YOU ARE GIVING UP YOUR RIGHT TO APPEAL YOUR
16 CONVICTION AND SENTENCE IN THIS CASE, INCLUDING COUNTS 1, 2,
17 AND 3 AND COUNT 5?
18          THE DEFENDANT:  YES, I UNDERSTAND.
19          THE COURT:  ALL RIGHT.  AND IS THAT YOUR
20 AGREEMENT?
21          THE DEFENDANT:  THAT'S MY AGREEMENT.
22          THE COURT:  ALL RIGHT.  PARAGRAPH 10 STATES THAT
23 NOTHING IN THIS PLEA AGREEMENT RELEASES YOU FROM ANY CIVIL
24 LIABILITY.  DO YOU UNDERSTAND YOU COULD BE SUED CIVILLY FOR
25 THE CARJACKING THAT YOU ARE ABOUT TO ADMIT TO BY PLEADING
```

Case 1:01-cr-00031-MAC-CLS Document 159 Filed 07/14/04 Page 11 of 26 PageID #: 1581
REPORTER'S TRANSCRIPT OF PLEA HEARING

11

1  GUILTY TO COUNT 5?

2          THE DEFENDANT: YES, SIR, I UNDERSTAND.

3          THE COURT: PARAGRAPH 11 STATES THAT THIS PLEA

4  AGREEMENT IS BETWEEN YOU AND THE U.S. ATTORNEY FOR THE EASTERN

5  DISTRICT OF TEXAS AND DOES NOT PROTECT YOU FROM PROSECUTION BY

6  ANY OTHER PROSECUTOR. DO YOU UNDERSTAND THAT?

7          THE DEFENDANT: YES, SIR.

8          THE COURT: PARAGRAPH 12 STATES THAT THIS IS YOUR

9  ENTIRE PLEA AGREEMENT AND THAT THERE ARE NO OTHER PROMISES

10 THAT YOU'RE RELYING UPON OTHER THAN WHAT'S CONTAINED IN

11 WRITING IN THIS PLEA AGREEMENT. IS THAT TRUE?

12          THE DEFENDANT: YES, SIR.

13          THE COURT: DID YOU --

14          MR. O'SUJI: YOUR HONOR, WE HAVE ONE MINOR

15 AGREEMENT THAT WE JUST STRUCK WITH THE GOVERNMENT.

16          MS. BATSON: YES, YOUR HONOR. WE HAVE DECIDED --

17 THE GOVERNMENT HAS DECIDED TO SPEAK WITH MR. SMITH AFTER THE

18 PLEA; AND, SO, THERE MAY -- WE DIDN'T PUT A PROVISION IN HERE

19 BECAUSE THE DECISION HAD NOT BEEN MADE AT THAT TIME; BUT IF

20 MR. SMITH DOES PROVIDE SUBSTANTIAL ASSISTANCE, THEN THE

21 GOVERNMENT MAY PROCEED UNDER EITHER A RULE 35(B) OR A 5K1 AT A

22 MUCH LATER DATE, DEPENDING ON THE INFORMATION THAT MR. SMITH

23 GIVES US. AND IT WAS JUST DECIDED PRIOR TO THE BEGINNING AND

24 ACTUALLY DURING THE PLEA AGREEMENT THAT WE WOULD TALK TO HIM

25 AFTER THIS.

12

1      THE COURT:  OKAY.  WELL, HAVE YOU EXPLAINED ALL

2  THAT TO HIM?

3      MR. O'SUJI:  YES, YOUR HONOR, WE HAVE.

4      THE COURT:  ALL RIGHT.

5      ALL RIGHT.  LET'S SEE.  MR. SMITH, I'M INFORMED

6  THAT ALTHOUGH IT'S NOT CONTAINED IN YOUR PLEA AGREEMENT, THAT

7  THE GOVERNMENT HAS AGREED TO EVALUATE WHATEVER ASSISTANCE YOU

8  GIVE TO THEM IN ORDER TO DETERMINE WHETHER OR NOT IT IS

9  SUBSTANTIAL ENOUGH TO WARRANT A MOTION BY THE GOVERNMENT FOR A

10 DOWNWARD DEPARTURE IN YOUR SENTENCING.  DO YOU UNDERSTAND

11 THAT?

12      THE DEFENDANT:  YES, I UNDERSTAND.

13      THE COURT:  DO YOU UNDERSTAND THAT THIS MEANS THAT

14 THE GOVERNMENT WILL ASK YOU TO TALK ABOUT WHATEVER INFORMATION

15 YOU HAVE KNOWLEDGE OF THAT INVOLVES OTHER CRIMES?  DO YOU

16 UNDERSTAND?

17      THE DEFENDANT:  YES, I UNDERSTAND.

18      THE COURT:  AND YOU UNDERSTAND THAT THE GOVERNMENT

19 WILL ASK YOU INFORMATION ABOUT OTHER PEOPLE THAT MAY HAVE BEEN

20 INVOLVED IN OTHER CRIMES?

21      THE DEFENDANT:  YES, SIR.

22      THE COURT:  IF YOU COOPERATE AND IF YOU PROVIDE

23 INFORMATION TO THE GOVERNMENT, THEN THE GOVERNMENT WILL

24 EVALUATE THAT INFORMATION AND DETERMINE WHETHER OR NOT IN ITS

25 JUDGMENT YOUR COOPERATION AND YOUR INFORMATION THAT YOU

Case 1:01-cr-00031-MAC-CLS   Document 159   Filed 07/14/04   Page 13 of 26 PageID #: 1583
REPORTER'S TRANSCRIPT OF PLEA HEARING

13

1  PROVIDE IS SUBSTANTIAL ENOUGH TO WARRANT A DOWNWARD DEPARTURE.

2  DO YOU UNDERSTAND THAT THAT IS UP TO THE GOVERNMENT -- THAT

3  IS, IT IS UP TO THE U.S. ATTORNEY'S OFFICE -- TO MAKE THAT

4  DECISION?

5                THE DEFENDANT:  YES, SIR.

6                THE COURT:  DO YOU UNDERSTAND THAT YOU COULD

7  COOPERATE AND THE GOVERNMENT MAY DECIDE THAT YOUR INFORMATION

8  IS NOT SUBSTANTIAL AND THEY WILL NOT ASK THIS COURT TO DEPART

9  DOWNWARD?

10               THE DEFENDANT:  YES, I UNDERSTAND.

11               THE COURT:  OKAY.  DO YOU UNDERSTAND THAT IF THE

12  GOVERNMENT DOES DETERMINE YOUR COOPERATION TO BE -- THAT YOUR

13  COOPERATION IS SUBSTANTIAL AND DOES ASK THE COURT TO DEPART

14  DOWNWARD IN YOUR CASE, IT'S UP TO THE COURT, THEN, TO DECIDE

15  WHETHER OR NOT TO GRANT SUCH A MOTION AND, IF THE COURT GRANTS

16  THE MOTION, TO DECIDE BY HOW MUCH TO DEPART DOWNWARD?  DO YOU

17  UNDERSTAND THAT?

18               THE DEFENDANT:  YES, SIR.

19               THE COURT:  DO YOU UNDERSTAND THERE IS NO

20  GUARANTEE THAT THE GOVERNMENT WILL MAKE THE MOTION TO THE

21  COURT OR THAT THE COURT WILL DEPART DOWNWARD?

22               THE DEFENDANT:  YES, I UNDERSTAND.

23               THE COURT:  OKAY.  PARAGRAPH 12 STATES THAT THIS

24  IS YOUR ENTIRE PLEA AGREEMENT AND THAT THERE IS NOTHING ELSE

25  YOU'RE RELYING UPON OTHER THAN WHAT WE'VE JUST TALKED ABOUT AS

Case 1:01-cr-00031-MAC-CLS Document 159 Filed 07/14/04 Page 14 of 26 PageID #: 1584
REPORTER'S TRANSCRIPT OF PLEA HEARING

14

1   FAR AS THE GOVERNMENT'S AGREEMENT TO EVALUATE YOUR

2   COOPERATION.  BUT BEYOND THAT, THERE IS NOTHING ELSE YOU'RE

3   RELYING UPON TODAY IN RETURN FOR YOUR PLEA OF GUILTY.  IS THAT

4   TRUE?

5               THE DEFENDANT:  YES, SIR.

6               THE COURT:  DID YOU SIGN THIS -- DID YOU SAY YES?

7               THE DEFENDANT:  YES, SIR.

8               THE COURT:  DID YOU SIGN THIS PLEA AGREEMENT

9   FREELY AND VOLUNTARILY?

10              THE DEFENDANT:  YES, I DID, SIR.

11              THE COURT:  AND YOU'VE GONE OVER IT WITH YOUR

12  COUNSEL?

13              THE DEFENDANT:  YES, SIR.

14              THE COURT:  HAS ANYONE ATTEMPTED TO FORCE YOU TO

15  PLEAD GUILTY?

16              THE DEFENDANT:  NO, SIR, YOUR HONOR.

17              THE COURT:  ARE YOU PLEADING GUILTY BECAUSE YOU

18  ARE GUILTY AND FOR NO OTHER REASON?

19              THE DEFENDANT:  YES, SIR.

20              THE COURT:  DO YOU UNDERSTAND THAT YOUR CONVICTION

21  IN THIS CASE WILL BE A FELONY CONVICTION?

22              THE DEFENDANT:  YES, I UNDERSTAND.

23              THE COURT:  DO YOU UNDERSTAND THAT AS A RESULT,

24  YOU CAN LOSE SOME VALUABLE CIVIL RIGHTS, INCLUDING THE RIGHT

25  TO VOTE, THE RIGHT TO HOLD PUBLIC OFFICE, THE RIGHT TO SERVE

15

1  ON A JURY, AND THE RIGHT TO POSSESS A FIREARM?

2              THE DEFENDANT:  YES, I UNDERSTAND THAT.

3              THE COURT:  DO YOU UNDERSTAND THAT THE TERM OF

4  SUPERVISED RELEASE OF THREE TO FIVE YEARS IS IN ADDITION TO

5  ANY PRISON TIME YOU MAY BE ORDERED TO SERVE?

6              THE DEFENDANT:  CAN YOU REPEAT THAT?

7              THE COURT:  DO YOU UNDERSTAND THAT THE TERM OF

8  SUPERVISED RELEASE OF THREE TO FIVE YEARS IS IN ADDITION TO

9  ANY PRISON TIME YOU MAY BE ORDERED TO SERVE?

10             THE DEFENDANT:  OH, YES, SIR.

11             THE COURT:  DO YOU UNDERSTAND THAT IF, INDEED, THE

12  STATUTORY RANGE OF PUNISHMENT HERE IS 25 YEARS TO LIFE, YOU

13  WILL BE ORDERED TO SERVE PRISON TIME?  DO YOU UNDERSTAND THAT?

14             THE DEFENDANT:  YES, SIR.

15             THE COURT:  DO YOU UNDERSTAND THAT BASED UPON THE

16  RANGE OF PUNISHMENT HERE, THAT YOU ARE NOT ELIGIBLE FOR

17  PROBATION?

18             THE DEFENDANT:  YES, SIR, I UNDERSTAND.

19             THE COURT:  DO YOU UNDERSTAND THAT UNDER SOME

20  CIRCUMSTANCES THE COURT CAN IMPOSE A SENTENCE THAT IS ABOVE OR

21  BELOW THE GUIDELINE RANGE?

22             THE DEFENDANT:  YES, SIR, I DO.

23             THE COURT:  DO YOU UNDERSTAND THAT THERE IS NO

24  PAROLE IN THE FEDERAL SYSTEM AND YOU WILL NOT BE RELEASED

25  EARLY FROM PRISON ON PAROLE?

Case 1:01-cr-00031-MAC-CLS  Document 159  Filed 07/14/04  Page 16 of 26 PageID #: 1586
REPORTER'S TRANSCRIPT OF PLEA HEARING

16

1    THE DEFENDANT:  YES, SIR.

2    THE COURT:  DO YOU UNDERSTAND THAT YOU HAVE A

3  RIGHT TO PLEAD NOT GUILTY, YOU HAVE A RIGHT TO TRIAL BY JURY

4  AND TO REPRESENTATION OF COUNSEL AT THAT TRIAL, YOU HAVE A

5  RIGHT TO REQUIRE THE GOVERNMENT TO PROVE ITS CASE AGAINST YOU

6  ON COUNTS 4 AND 5 BEYOND A REASONABLE DOUBT, YOU HAVE THE

7  RIGHT TO QUESTION THE GOVERNMENT'S WITNESSES AND PRESENT YOUR

8  OWN WITNESSES, YOU HAVE THE RIGHT TO SUBPOENA WITNESSES, AND

9  YOU HAVE THE RIGHT TO TESTIFY YOURSELF OR NOT TESTIFY AS YOU

10  CHOOSE?

11    THE DEFENDANT:  YES, SIR, I DO UNDERSTAND THAT.

12    THE COURT:  DO YOU UNDERSTAND IF YOU PLEAD GUILTY

13  HERE, YOU WILL BE GIVING UP THAT RIGHT; AND THERE WILL BE NO

14  TRIAL ON COUNTS 4 AND 5 OF THE INDICTMENT?

15    THE DEFENDANT:  YES, I DO.

16    THE COURT:  OKAY.  DO YOU UNDERSTAND THAT ON COUNT

17  5 -- WHICH IS THE COUNT YOU'RE AGREEING TO PLEAD GUILTY TO --

18  THAT THE GOVERNMENT WOULD HAVE TO PROVE THAT ON OR ABOUT

19  JANUARY 2ND, 2001, IN THE EASTERN DISTRICT OF TEXAS, THAT YOU

20  KNOWINGLY USED, CARRIED, AND BRANDISHED A FIREARM DURING AND

21  IN RELATION TO A CRIME OF VIOLENCE -- THAT BEING THE CRIME OF

22  CARJACKING -- IN THAT YOU KNOWINGLY AND INTENTIONALLY TOOK A

23  MOTOR VEHICLE THAT HAD BEEN TRANSPORTED IN INTERSTATE COMMERCE

24  FROM THE PERSON AND PRESENCE OF ANOTHER PERSON BY FORCE,

25  VIOLENCE, AND INTIMIDATION WITH THE INTENT TO CAUSE DEATH AND

17

1  SERIOUS BODILY INJURY?  DO YOU UNDERSTAND THE GOVERNMENT WOULD
2  HAVE TO PROVE ALL OF THAT AT A TRIAL?

3              THE DEFENDANT:  YES, SIR.

4              THE COURT:  ALL RIGHT.  MS. BATSON, WOULD YOU
5  PRESENT AN INDEPENDENT BASIS FOR THIS PLEA?

6              MS. BATSON:  YES.

7              THE UNITED STATES WOULD PROVE THROUGH THE SWORN
8  TESTIMONY OF CYNTHIA A. BRAWLEY, A SPECIAL AGENT WITH THE
9  FEDERAL BUREAU OF INVESTIGATION, THAT ON JANUARY 2ND, 2001, IN
10 THE EASTERN DISTRICT OF TEXAS, THE DEFENDANT, JOSEPH FRANKLIN
11 SMITH, DID KNOWINGLY AND INTENTIONALLY COMMIT A CARJACKING BY
12 FORCE AND VIOLENCE AND WITH THE INTENT TO CAUSE SERIOUS BODILY
13 INJURY OR DEATH WHEN HE STOLE A 2001 DODGE DURANGO FROM RONALD
14 CHANCE.  DURING THE CARJACKING MR. SMITH PLACED A GUN TO
15 MR. RONALD CHANCE'S TEMPLE AND DEMANDED THE CAR KEYS AND THE
16 VEHICLE WHICH HE THEN TOOK BY INTIMIDATION, FORCE, AND
17 VIOLENCE WHEN HE STOLE IT.

18             SPECIAL AGENT BRAWLEY WOULD FURTHER TESTIFY THAT
19 THE 2001 DODGE DURANGO WAS NOT MANUFACTURED IN THE STATE OF
20 TEXAS; AND, THEREFORE, IT TRAVELED IN INTERSTATE COMMERCE
21 PRIOR TO THIS CARJACKING INCIDENT.

22             AND THAT WOULD BE OUR EVIDENCE, YOUR HONOR.

23             THE COURT:  ALL RIGHT.  MR. SMITH, YOU'VE HEARD
24 THE SUMMARY OF THE FACTS THAT THE GOVERNMENT IS PREPARED TO
25 PROVE AT TRIAL.  DO YOU ADMIT THAT THOSE FACTS ARE TRUE?

Case 1:01-cr-00031-MAC-CLS  Document 159  Filed 07/14/04  Page 18 of 26 PageID #: 1588
REPORTER'S TRANSCRIPT OF PLEA HEARING

18

1       THE DEFENDANT:  YES, SIR.

2           THE COURT:  AND DO YOU ADMIT THAT ON OR ABOUT

3   JANUARY 2ND, 2001, YOU DID KNOWINGLY USE, CARRY, AND BRANDISH

4   A FIREARM AND COMMITTED THE CRIME OF CARJACKING BY TAKING A

5   MOTOR VEHICLE THAT HAD BEEN SHIPPED IN INTERSTATE COMMERCE

6   FROM ANOTHER PERSON, RONALD CHANCE, AND YOU DID SO BY FORCE,

7   VIOLENCE, AND INTIMIDATION WITH THE INTENT TO CAUSE DEATH AND

8   SERIOUS BODILY INJURY?

9           THE DEFENDANT:  YES, SIR.

10          THE COURT:  AT THIS TIME, THEN, I'M GOING TO ASK

11  YOU:  HOW DO YOU WISH TO PLEAD, GUILTY OR NOT GUILTY, TO

12  COUNT 5 OF THE INDICTMENT?

13          THE DEFENDANT:  GUILTY, SIR.

14          THE COURT:  ALL RIGHT.  IT'S THE FINDING OF THE

15  COURT IN THE CASE OF THE UNITED STATES VERSUS JOSEPH FRANKLIN

16  SMITH THAT THE DEFENDANT IS FULLY COMPETENT AND CAPABLE OF

17  ENTERING AN INFORMED PLEA.  HE IS AWARE OF THE NATURE OF THE

18  CHARGES AND THE CONSEQUENCES OF HIS PLEA.  HIS PLEA OF GUILTY

19  IS A KNOWING AND VOLUNTARY PLEA SUPPORTED BY AN INDEPENDENT

20  BASIS IN FACT CONTAINING EACH OF THE ESSENTIAL ELEMENTS OF THE

21  OFFENSE.

22          MR. SMITH, I HEREBY ACCEPT YOUR PLEA OF GUILTY TO

23  COUNT 5 AND FIND YOU GUILTY OF COUNT 5 OF THE INDICTMENT.  A

24  PRESENTENCE REPORT WILL BE PREPARED ON COUNTS 1, 2, 3 AND 5;

25  AND THEN WE'LL SET YOUR CASE FOR SENTENCING.

19

1        THE DEFENDANT:  ALL RIGHT.

2        THE COURT:  IS THERE ANYTHING FURTHER,

3   MS. TRIPLETT?

4        MS. TRIPLETT:  MR. O'SUJI HAS.

5        THE COURT:  MR. O'SUJI.

6        MR. O'SUJI:  YES, YOUR HONOR.  THE DEFENSE WILL BE

7   ASKING THE COURT FOR -- WE WILL BE MAKING A MOTION FOR

8   PSYCHOLOGICAL EVALUATION FOR SENTENCING PURPOSES ON MR. SMITH;

9   AND WE WOULD ALSO ASK THE COURT TO APPROVE THE PAYMENT OF

10  THOSE EXPENSES IN LIGHT OF THE FACT THAT OUR CLIENT'S MOTHER,

11  MRS. SMITH, IS AT THIS POINT CONSIDERING --

12        THE COURT:  CONCERNING WHAT, NOW?

13        MR. O'SUJI:  I WOULD CONSIDER HER AT THIS POINT --

14        THE COURT:  INDIGENT?  IS THAT WHAT YOU SAID?

15        MR. O'SUJI:  YES, JUDGE, BECAUSE SHE IS HAVING

16  SOMEONE ELSE PAY HER BILLS AT THIS POINT IN TIME AND BARELY

17  MAKING ENDS MEET.  SO, I WOULD INFORM THE COURT THAT WE WILL

18  BE DOING THAT.  I HOPE WHEN THAT IS FILED THE COURT WILL

19  CONSIDER --

20        THE COURT:  ALL RIGHT.  NOW, WAIT A MINUTE.  YOU

21  WANT A PSYCHOLOGICAL EVALUATION FOR SENTENCING?

22        MR. O'SUJI:  THAT'S CORRECT, JUDGE.  AND WE WOULD

23  BE ASKING --

24        THE COURT:  YOU'RE NOT MAKING ANY CLAIM HERE THAT

25  MR. SMITH IS NOT COMPETENT HERE.

20

1          MR. O'SUJI:  NO, JUDGE.  NO, YOUR HONOR.

2          THE COURT:  WHAT WOULD THIS PSYCHOLOGICAL

3   EVALUATION TELL ME FOR SENTENCING PURPOSES?

4          MR. O'SUJI:  I AM NOT A DOCTOR, JUDGE.  I HOPE

5   THAT THE REPORT WILL HOPEFULLY SPEAK FOR ITSELF FOR THIS

6   COURT, AND I HATE TO PUT MYSELF IN THAT POSITION TO TELL WHAT

7   THE REPORT IS GOING TO SAY.

8          THE COURT:  YOU OBVIOUSLY HAVE SOME CONCERN, OR

9   YOU WOULDN'T BE ASKING FOR THIS.

10         MR. O'SUJI:  WELL, MR. SMITH HAD A ROUGH TEENAGE

11  LIFE AND HAD --

12         THE COURT:  OH, ALL RIGHT.  SO, YOU WILL -- IF THE

13  REPORT SAYS WHAT YOU THINK IT WILL SAY, YOU MAY ASK FOR A

14  DOWNWARD DEPARTURE BASED ON THAT?

15         MR. O'SUJI:  CERTAINLY, JUDGE.  IT WILL BE AN

16  ISSUE FOR US TO RAISE AT SENTENCING, YES.

17         THE COURT:  ALL RIGHT.  WHAT'S THE GOVERNMENT'S

18  POSITION ON THAT?

19         MS. BATSON:  YOUR HONOR, I'M NOT SURE THAT WE ARE

20  READY TO AGREE TO THAT AT THIS TIME, ESPECIALLY IF THE

21  GOVERNMENT IS GOING TO HAVE TO PAY FOR THAT.  I'M NOT SURE

22  THAT THAT'S EVER BEEN DONE FOR SENTENCING PURPOSES.  YOU KNOW,

23  IT'S USUALLY PAID FOR PRIOR TO THE BEGINNING OF ANY

24  PROCEEDING.  SO, IF THE COURT WANTS TO GO AHEAD AND ORDER IT,

25  THEN I GUESS IT'S UP TO THEM TO MAKE A SHOWING THAT WE SHOULD

Case 1:01-cr-00031-MAC-CLS Document 159 Filed 07/14/04 Page 21 of 26 PageID #: 1591
REPORTER'S TRANSCRIPT OF PLEA HEARING

21

1  PAY FOR IT.  BUT AT THIS TIME I CAN'T AGREE THAT WE SHOULD BE

2  RESPONSIBLE.

3              THE COURT:  YEAH.  I SUPPOSE IT'S UP TO ME.  I'VE

4  NOT APPOINTED EXPERTS WHERE COUNSEL IS RETAINED GENERALLY.

5              MS. TRIPLETT:  YOUR HONOR, IF I MAY, WE WERE

6  RETAINED BY MRS. SMITH AND --

7              THE COURT:  IS MRS. SMITH IN THE COURTROOM?

8              AUDIENCE MEMBER:  YES, I AM.

9              THE COURT:  THIS IS HER RIGHT BACK HERE?

10             MS. TRIPLETT:  YES.  AND SHE'S ON A LONG-TERM

11  PAYMENT PLAN AS FAR AS PAYING OUR FEES FOR REPRESENTING HIM IN

12  THIS MATTER.  AND BASICALLY SHE'S HAVING TO GET ASSISTANCE

13  WITH HER OWN MONTH-TO-MONTH EXPENSES AS SHE CONTINUES TO PAY

14  US MONTHLY TO REPRESENT HIM, BASED UPON MY DISCUSSIONS WITH

15  HER.  I JUST DON'T BELIEVE THAT WITHOUT -- SHE WOULD HAVE TO

16  TRY AND FIND SOMEBODY TO TRY AND BORROW SOME MONEY FROM TO PAY

17  FOR THIS.  BASICALLY SHE'S BEEN TAPPED OUT WITH THE FIVE-DAY

18  TRIAL AND OUR FURTHER REPRESENTATION OF HIM IN THIS MATTER

19  AND --

20             THE COURT:  WELL, LET ME --

21             MS. TRIPLETT:  IT'S A HARDSHIP FOR HER.

22             THE COURT:  WHY DO YOU WANT A PSYCHOLOGIST WHEN

23  YOU CAN MAKE WHATEVER MOTION YOU WANT TO MAKE AT SENTENCING?

24  IF YOU HAVE A MOTION FOR DOWNWARD DEPARTURE -- I MEAN, IF

25  YOU'RE TALKING ABOUT HIS TEENAGE YEARS AND WHAT SORT OF FAMILY

Case 1:01-cr-00031-MAC-CLS Document 159 Filed 07/14/04 Page 22 of 26 PageID #: 1592
REPORTER'S TRANSCRIPT OF PLEA HEARING

22

1   SITUATION HE GREW UP WITH -- AND I'M NOT SAYING THAT THAT

2   WOULD HAVE A BEARING ON WHAT SENTENCE I WOULD IMPOSE, BUT

3   CERTAINLY YOU CAN TALK TO MRS. SMITH.  YOU CAN TALK TO JOSEPH

4   SMITH AND GET THAT INFORMATION.

5          MR. O'SUJI:  WELL, JUDGE, I AGREE WITH YOU

6   CERTAINLY; BUT WE BELIEVE THAT THE REPORT WILL HELP US TO

7   RESEARCH THE ISSUES WITH REGARD TO SENTENCING ON THIS MATTER

8   AND PRESENT A MORE PLAUSIBLE ARGUMENT FOR THE COURT.  BUT

9   WITHOUT THAT, I THINK WE CAN'T DO ANY HINDSIGHT; AND WE WANT

10  TO BASE ANY AND ALL ISSUES THAT WE ARE GONNA RAISE BEFORE THIS

11  COURT --

12         THE COURT:  WELL, YOU SEE, WHAT WILL HAPPEN IS

13  YOU'LL HIRE A PSYCHOLOGIST; AND THAT PSYCHOLOGIST WILL TELL

14  YOU ONE THING.  THEN THE GOVERNMENT WILL FEEL LIKE IT MAY NEED

15  TO HIRE A PSYCHOLOGIST THAT WILL TELL ME SOMETHING COMPLETELY

16  DIFFERENT, DEPENDING ON WHO EMPLOYS THE PSYCHOLOGIST.  I MEAN,

17  THAT MAY BE WHAT THE OUTCOME WOULD BE HERE.

18         MR. O'SUJI:  AND WE HOPE THAT WILL BE THE CASE,

19  JUDGE.

20         THE COURT:  YOU HOPE THAT WILL BE THE CASE?

21         MS. TRIPLETT:  NO, WE DON'T HOPE THAT WILL BE THE

22  CASE.  I MEAN, IF NECESSARY, YOUR HONOR, WE COULD TALK WITH

23  THE GOVERNMENT ABOUT PSYCHIATRISTS THAT THEY HAVE FOUND TO BE

24  REPUTABLE.  WE CAN PICK ONE OF THOSE TO EVALUATE HIM.  WE

25  DON'T HAVE A PREFERENCE AS TO ONE PARTICULAR PSYCHOLOGIST

Case 1:01-cr-00031-MAC-CLS  Document 159  Filed 07/14/04  Page 23 of 26 PageID #: 1593
REPORTER'S TRANSCRIPT OF PLEA HEARING

23

1  WE'RE GOING TO GO OUT THERE AND GET BECAUSE HE HAS ANY TYPE OF

2  ALLIANCE TO DEFENSE IN THIS CASE.  WE JUST FEEL THAT --

3              THE COURT:  YEAH.  I MEAN, ALL THE INFORMATION I

4  CAN GET HELPS ME WITH SENTENCING.  OKAY?  MR. SMITH IS A YOUNG

5  MAN.  HE'S 20 YEARS OLD.  HE'S ACCUSED OF SOME VERY SERIOUS

6  CRIMES.  HE'S BEEN CONVICTED ALREADY OF A SERIOUS CRIME.  HE'S

7  JUST PLED GUILTY AND JUST BEEN CONVICTED OF ANOTHER SERIOUS

8  CRIME.  SO, ALL OF THE INFORMATION I CAN GET WILL HELP ME IN

9  DETERMINING WHAT IS AN APPROPRIATE SENTENCE FOR HIM.

10              BUT I DON'T KNOW THAT I WANT TO START APPOINTING

11  EXPERTS WHOSE HELP TO THE COURT IS TENUOUS AND KIND OF

12  UNCERTAIN RIGHT NOW.  I DON'T KNOW HOW MUCH HELP THAT'S GOING

13  TO GIVE ME.  I DON'T REALLY KNOW THAT THERE ARE ANY GUIDELINES

14  FOR THIS, AND I SUPPOSE IT IS PURELY DISCRETIONARY IF I WANT

15  TO APPOINT SOMEONE.  THEN THE GOVERNMENT WILL HAVE TO PAY FOR

16  IT.

17              MR. O'SUJI:  AGAIN, IN LIGHT OF THE FACT THAT

18  MRS. SMITH, THE CLIENT'S MOTHER, IS NOT ABLE TO PAY FOR IT, WE

19  STILL ASK THE COURT TO HELP US APPROVE ONE FOR HIM.

20              THE COURT:  YEAH.  WELL, THERE WOULD NEED TO BE

21  SOME LIMIT ON THE DOLLAR AMOUNT.

22              MR. O'SUJI:  OKAY.

23              THE COURT:  AND I DON'T EVEN KNOW WHAT

24  PSYCHOLOGISTS WOULD CHARGE TO -- I WOULD IMAGINE IT WOULD

25  PROBABLY BE ONE MEETING WITH MR. SMITH.  WHAT DO YOU HAVE IN

1   MIND?  LIKE $500 OR SOMETHING LIKE THAT?

2            MR. O'SUJI:  I BELIEVE THE LIMIT IS $600.  THAT'S

3   MY --

4            THE COURT:  I DON'T HAVE THE BOOK RIGHT HERE.  I

5   CAN'T REMEMBER.  I'M NOT SURE WHAT IT IS.

6            MR. O'SUJI:  WE COULD -- $500 COULD HELP US A

7   WHOLE LOT.  IF THERE IS --

8            THE COURT:  ALL RIGHT.  I'VE NOT DONE THIS BEFORE,

9   BUT I'LL TRY IT AND WE'LL SEE WHAT THE RESULT IS.  SO, I'LL

10  APPROVE THE APPOINTMENT OF A PSYCHOLOGIST OR PSYCHIATRIST FOR

11  $500, NO MORE THAN $500; AND I WOULD LIKE FOR YOU TO CONSULT

12  WITH MS. BATSON AND SEE IF YOU CAN AGREE ON SOMEONE.

13            MS. TRIPLETT:  THAT'S FINE.

14            THE COURT:  OKAY?

15            MS. TRIPLETT:  THAT'S FINE, YOUR HONOR.

16            MR. O'SUJI:  THANK YOU.

17            THE COURT:  I'LL ASK THE CLERK TO PREPARE WHATEVER

18  I NEED TO SIGN TO AUTHORIZE THAT.

19            MS. TRIPLETT:  THANK YOU, YOUR HONOR.

20            THE COURT:  OKAY?

21            MR. O'SUJI:  YES, SIR.

22            THE COURT:  ALL RIGHT.  MS. BATSON, ANYTHING

23  FURTHER?

24            MS. BATSON:  NOT AT THIS TIME, YOUR HONOR.  THANK

25  YOU.

25

1           THE COURT:  OKAY.  NOW, LET'S SEE.  IS THIS

2   MR. CHANCE BACK HERE?

3           MS. TRIPLETT:  THAT'S MR. JANUARY, A WITNESS.

4           THE COURT:  OH, OKAY.  WELL, I SAW A COUPLE BACK

5   HERE; AND I DIDN'T KNOW IF YOU WERE INVOLVED IN THIS CASE

6   SOMEHOW, SIR.

7           AUDIENCE MEMBER:  NO, SIR.  I'M A WITNESS IN

8   ANOTHER CASE, YOUR HONOR.

9           THE COURT:  OH, IN ANOTHER CASE THAT YOU'RE

10  INTERVIEWING HIM ON?

11          MS. TRIPLETT:  NO, YOUR HONOR.  I THOUGHT YOU WERE

12  TALKING ABOUT MR. JANUARY IN THE BACK OF THE COURTROOM.

13  THAT'S WHO I THOUGHT YOU WERE TALKING ABOUT.

14          THE COURT:  OKAY.  WE DON'T HAVE ANOTHER CASE SET

15  THIS MORNING, DO WE?

16          DEPUTY CLERK:  NO, SIR.

17          THE COURT:  IS IT JUST SOMEONE YOU'RE MEETING

18  WITH, MS. TRIPLETT?

19          AUDIENCE MEMBER:  NO, SIR.  I HAVE A SUBPOENA TO

20  COME TO COURT THIS MORNING.

21          SPECIAL AGENT:  HE'S IN -- I BELIEVE IT'S JUDGE

22  HEARTFIELD'S COURT, THE LIBERTY COUNTY COMMISSIONER'S CASE.

23          THE MARSHAL:  IT SAYS "JUDGE SCHELL."

24          THE COURT:  I DIDN'T KNOW IF YOU WERE THE VICTIM

25  IN THIS CASE AND YOU WANTED TO SAY SOMETHING.

REPORTER'S TRANSCRIPT OF PLEA HEARING

26

1          AUDIENCE MEMBER:  NO.

2          THE COURT:  OKAY.  THAT'S ALL RIGHT.

3          YOU'RE EXCUSED.  THANK YOU.

4          [PROCEEDINGS CONCLUDED, 10:21 A.M.]

5    COURT REPORTER'S CERTIFICATION

6          I HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT

7    TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.

8    _____          NOVEMBER 26, 2001

9    CHRISTINA L. BICKHAM, CRR, RPR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CHRISTINA BICKHAM, OFFICIAL COURT REPORTER, U.S. DISTRICT COURT
300 WILLOW, ROOM 221, BEAUMONT, TEXAS  77701  409/654-2891