FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 21 2017

BY DEPUTY _DC_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT, DIVISION

JOSEPH F. SMITH,
   APPELLANT,

                                DATE: FEBRUARY 15, 2017

V.                             CRIMINAL NO. 1:01CR31

UNITED STATES OF AMERICA,
   APPELLEE.

MOTION TO ~~DISMISS~~ Alter Order

COME NOW APPELLANT, PRO SE, REQUESTING THIS HONORABLE COURT DISMISS THE ENCLOSED ORDERS DUE TO INCORRECT DATE AND INCORRECT INTERPRETATION ~~OF RULE 12 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AGE RANGE~~, ORDERS ENCLOSED:

A. INCORRECT DATES

1. ON THE ORDER ENCLOSED (DOCUMENT 235), THE APPELLANT RECOGNIZED THE COURT STATING HIS "NOTICE OF APPEAL" WAS FILED ON APRIL 26, 2002. HOWEVER, HIS NOTICE OF APPEAL WAS FILED ON 01/06/2004 AND ~~WAS~~ DISMISSED ON 02/09/2005, SEE APPELLANT CRIMINAL DOCKET SHEET. ON THE SAME ORDER, THE APPELLANT RECOGNIZED THE COURT STATING HIS APPEAL WAS DISMISSED ON JANUARY 3, 2005.

PAGE 1 OF 3

HOWEVER, THE APPEAL TAKEN CLOSE TO THAT DATE WAS FILED ON 09/29/2006 AND IS STILL PENDING, SEE APPELLANT DOCKET SHEET (CRIMINAL). THEREFORE, THE APPELLANT STATES THAT HIS CASE, ACCORDING TO THE ABOVE AND THE ENCLOSED ORDERS, IS STILL PENDING FOR THE PURPOSE OF RULE 12 OF THE FEDERAL RULES OF CRIMINAL PROCEDURES. THEREFORE, THE APPELLANT ~~REG~~ REQUEST THIS HONORABLE COURT DISMISS THE ORDERS FOR HAVING INCORRECT DATES.

B. INCORRECT INTERPRETATION

1. ON THE ORDER ENCLOSED (DOCUMENT 236), THE COURT STATED THAT THE APPELLANT WAS 20 YEARS OF AGE AT THE TIME OF HIS TRIAL SO THE JUVENILE JUSTICE DELINQUENCY PREVENTION ACT DOES NOT APPLY TO THE APPELLANT. HOWEVER, THE ACT (18 U.S.C.S. 5031-5042) APPLIES TO THOSE THAT ARE BETWEEN THE AGE OF 18 AND 21, SEE 18 U.S.C.S. 5031 AND 18 U.S.C.S. 5037, AMONG OTHERS. THEREFORE, THE APPELLANT REQUEST THIS HONORABLE COURT ~~DISM~~ DISMISS THE ORDERS FOR INCORRECT INTERPRETATION. ~~OF RULE 12 OF THE F~~

C. CONCLUSION

1. DUE TO THE FOREGOING, THE APPELLANT REQUEST THIS HONORABLE COURT DISMISS THE ENCLOSED ORDER DUE TO INCORRECT DATES AND INCORRECT INTERPRETATION. ~~OF RULE~~

OATH

I, JOSEPH F. SMITH, THE UNDERSIGNED, HEREBY CERTIFY AND DECLARE

UNDER THE PENALTY OF PERJURY, UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND FACTS PURSUANT TO 28 U.S.C.S. 1746, 18 U.S.C.S. 1621 AND 18 U.S.C.S. 1623.

SINCERELY,

*/s/ Joseph F. Smith*

JOSEPH F. SMITH
REG# 97499-079
MED. CEN. FOR FED. PRISONERS
P.O. BOX 4000
SPRINGFIELD, MO. 65801

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 1:01CR31 |
| | § | |
| JOSEPH F. SMITH | § | |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Pending before the court is the Defendant's "Motion to Dismiss Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure" (docket entry #231) filed on October 28, 2016. The Defendant was charged in a five count indictment on February 8, 2001. The Defendant pled guilty to count 5 of the indictment and was found guilty by a jury of counts 1, 2, and 3 of the indictment. The court dismissed count 4 of the indictment on the Government's motion. The Defendant was sentenced on April 19, 2002 to a 461 month term of imprisonment. The judgment was signed on the day of sentencing. The Defendant filed a notice of appeal on April 26, 2002. The Defendant's appeal was ultimately dismissed on January 3, 2005.

Now, almost 14.5 years after the judgment was entered, the Defendant is moving to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the court lacked subject matter jurisdiction. Rule 12(b)(2) of the Federal Rules of Criminal Procedure pertains to pretrial motions and provides as follows:

> **Motions That May Be Made at Any Time.** A motion that the court lacks jurisdiction may be made at any time while the case is pending.

FED. R. CRIM. P. 12(b)(2). Clearly, the Defendant's case is no longer pending and has not been pending for quite some time. Accordingly, the Defendant's belated motion to dismiss for lack of

-1-

jurisdiction is without merit and should be denied. Based on the foregoing, it is hereby

**ORDERED** that the Defendant's "Motion to Dismiss Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure" (docket entry #231) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 8th day of February, 2017.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. 1:01CR31 |
| JOSEPH F. SMITH | § | |

### ORDER DENYING DEFENDANT'S MOTION PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Pending before the court is the Defendant's "Motion Pursuant to Rule 12 of the Federal Rules of Criminal Procedure" (docket entry #234) filed on January 27, 2017. The Defendant was charged in a five count indictment on February 8, 2001. The Defendant pled guilty to count 5 of the indictment and was found guilty by a jury of counts 1, 2, and 3 of the indictment. The court dismissed count 4 of the indictment on the Government's motion. The Defendant was sentenced on April 19, 2002 to a 461 month term of imprisonment. The judgment was signed on the day of sentencing. The Defendant filed a notice of appeal on April 26, 2002. The Defendant's appeal was ultimately dismissed on January 3, 2005.

Now, almost 14.5 years after the judgment was entered, the Defendant is moving to dismiss the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure because, according to the Defendant, the court lacked jurisdiction over the Defendant because the Defendant was a juvenile. *See* 18 U.S.C. § 5031 *et seq.* However, Rule 12 of the Federal Rules of Criminal Procedure pertains to pleadings and pretrial motions. Clearly, the Defendant's case is no longer pending and has not been pending for quite some time. Accordingly, the Defendant's belated motion to dismiss for lack of jurisdiction is without merit and should be denied. Further, the Defendant was

19 years of age at the time he committed the offenses for which he was charged, tried, and convicted. Additionally, the Defendant was 19 years of age at the time he was indicted. Finally, the Defendant was 20 years of age at the time of his trial. Therefore, the Juvenile Justice Delinquency Prevention Act, 18 U.S.C. § 5031 *et seq.*, does not apply to the Defendant. *United States v. Guerrero*, 768 F.3d 351, 361 (5th Cir. 2014) ("The Act's protections apply to defendants who have committed an offense prior to their eighteenth birthday unless they are over twenty-one when the indictment is returned."). Based on the foregoing, it is hereby

**ORDERED** that the Defendant's "Motion Pursuant to Rule 12 of the Federal Rules of Criminal Procedure" (docket entry #234) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 8th day of February, 2017.**

*[signature: Richard A. Schell]*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE