IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | Case No. 1:01-cr-00031-MAC-CLS |
| § | | |
| JOSEPH FRANKLIN SMITH, § | | |
|     Defendant. § | | |

### JOSEPH FRANKLIN SMITH'S REPLY IN FURTHER SUPPORT OF MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

DEBEVOISE & PLIMPTON LLP
Steven G. Tegrar (*pro hac vice*)
Ruth M. Ramjit (*pro hac vice*)
sgtegrar@debevoise.com
rramjit@debevoise.com
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Joseph F. Smith*

I.      INTRODUCTION

Defendant Joseph Franklin Smith respectfully submits this Reply to the Government's Response, ECF No. 259 ("Res."), to Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 248 ("Mot.").

The Government's response fails to meaningfully engage with the facts of Smith's case, namely that Smith is squarely eligible for relief under both § 1B1.13(b)(5) and (b)(6). Instead, the Government relies on a combination of inconsistent Fifth Circuit caselaw and its position that that the Sentencing Commission exceeded its authority in promulgating the revised policy statement, U.S.S.G. § 1B1.13(b)(6). The Government's argument, however, conflicts not only with Congress's express delegation of authority to the Sentencing Commission to describe extraordinary and compelling reasons, but also with the Supreme Court's instruction in *Concepcion v. United States* that any such limitation on what a judge may consider in modifying a sentence must be express. 597 U.S. 481, 486–87 (2022). The Government's mere disagreement with how the Commission decided § 1B1.13(b)(6) does not render it invalid.

The Government's response also misapprehends how § 1B1.13(b)(5) should be applied— a consideration of Smith's individual circumstances *as a whole*—and instead attempts to isolate each factor individually. The combination of Smith's individual circumstances supports release, and the Government's arguments otherwise should be rejected.

II.     ARGUMENT

A.      **Smith's Motion is Ripe for a Decision.**

The Government first suggests that the Court withhold any decision on Smith's motion until the Fifth Circuit decides *Jean* and *Gipson*. The Government does not persuasively dispute that Smith, in moving under 18 U.S.C. § 3582(c)(1)(A), is eligible for relief under the amended

1

policy statement for a reduction in sentence. *See* U.S.S.G. § 1B1.13(b)(5), (b)(6). Smith has (i) served over ten years of (ii) a sentence predicated on stacked § 924(c) convictions that (iii) he likely would not receive today. Mot. at 13–15. Rather, the crux of the Government's argument is that a stay is appropriate because Smith's motion "depends" on the validity of § 1B1.13(b)(6), an issue currently pending before the Fifth Circuit in *United States v. Gipson*, No. 24-10260 (5th Cir.), and *United States v. Jean*, No. 23-40463 (5th Cir.). Res. at 7–9. Not only was the Sentencing Commission clearly within its authority to amend the policy statement to include (b)(6), but Smith provides another independent ground for relief: (b)(5).

    **B.**    **The Amended § 1B1.13, Including Subsection (b)(6), Is a Valid and Binding Exercise of the Sentencing Commission's Authority.**

        **1.**    **Section 1B1.13(b)(6) Is Consistent with Statutory Text and Congressional Intent.**

The Government does not contest that the Commission's policy statement binds federal courts. Res. at 9. Rather, the Government argues that the Sentencing Commission exceeded its authority in promulgating the policy statement. As discussed in Smith's opening brief, Mot. at 9–10, Congress specifically delegated authority to the Commission to "describe what should be considered extraordinary and compelling reasons for [a] sentence reduction." 28 U.S.C. § 994(t). Unlike the Government's argument that Congress authorized the Commission only to "make *recommendations to Congress* concerning modification or enactment of statutes relating to sentencing*,*" Res. at 11, because of Congress's express delegation of authority in § 994(t) and the Commission's "first responsibility to formulate and announce" policy statements, *Stinson v. United States*, 508 U.S. 36, 45 (1993), a "reviewing court is not free to set aside [that interpretation] simply because it would have interpreted the statute in a different manner," *Batterton v. Francis*, 432 U.S. 416, 425 (1977).

Nonretroactive changes in law that produce gross disparities between the sentence being served and the sentence likely to be imposed today have never been placed out-of-bounds for purposes of sentence reductions under § 3582(c)(1)(A)(i). Congress understands how to do that when it wants to and has indeed done so by excluding rehabilitation alone as an extraordinary and compelling reason in § 994(t).[1] Congress has placed no other consideration out-of-bounds. Rather, any such limitation on what a judge may consider in modifying a sentence *must be express*, as in § 994(t). *See Concepcion*, 597 U.S. at 491–94. In short, Congress has broadly empowered and directed the Commission to issue binding guidance as to what qualifies for relief. While the Government contends, citing *LaBonte*, that the Commission lacked the authority to promulgate (b)(6) because the Commission was "not granted unbounded discretion," Res. at 10–11, the Government ignores that Congress has granted the Commission "significant discretion in formulating guidelines." *LaBonte*, 520 U.S. 751, 757.[2] And the Commission's adoption of guidance on how courts should understand "extraordinary and compelling" is reasonable and squarely within its explicit delegation of authority. *Cf. Braxton v. United States*, 500 U.S. 344, 348 (1991) (describing that Congress granted the Commission an "unusual explicit power" under § 944) (emphasis removed). Congress did not restrict the Commission's ability to consider nonretroactive changes in law, nor did Congress take action to amend or override § 1B1.13(b)(6) when the amendments were submitted to Congress for its consideration.[3] Subsection (b)(6) is valid and empowers this Court to reduce Smith's sentence.

---

[1]   In *Concepcion*, the Supreme Court held that district courts can consider other intervening changes when deciding First Step Act motions. 597 U.S. at 486.
[2]   And this year, in *Loper Bright Enterprises v. Raimondo*, the Supreme Court, citing *Batterton*, reaffirmed that some statutes "'expressly delegate[ ]' to an agency the authority to give meaning to a particular statutory term." 144 S. Ct. 2244, 2263 (2024).
[3]   U.S. Sent'g Comm'n, Federal Register Notice: Submission of 2023 Amendments to Congress 6–29 (2023), https://www.ussc.gov/policymaking/federal-register-notices/federal-register-notice-submission-2023-amendments-congress.

## 2. The Policy Statement Controls

The Government's reliance on pre-amendment Fifth Circuit decisions—*Escajeda* and *McMaryion*—is also misplaced.[4] Res. at 12–13, 15. The binding effect of the Policy Statement means that, to the extent it is inconsistent with previous judicial interpretations of Section 994(t), the Policy Statement controls. The Fifth Circuit itself previously made clear that when the Commission's policy statements are applicable, those statements are binding on district courts in determining what circumstances are extraordinary and compelling. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). In *Escajeda*, in the absence of a policy statement that applied to motions brought by defendants (as opposed to the BOP), the Fifth Circuit issued its own interpretation of § 3582(c)(1)(A), which was applied again in *McMaryion*. Res. at 12; *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023); *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023). But the Fifth Circuit later acknowledged that the Commission's "forthcoming policy statement . . . would apply to sentence reduction motions by both the BOP and prisoners themselves." *United States v. Elam*, No. 22-40373, 2023 WL 6518115, at *2 (5th Cir. Oct. 5, 2023) (emphasis removed). As the Fifth Circuit now recognizes, "district courts 'may' consider changes in law as part of the 'extraordinary and compelling' reasons analysis, but 'only' after "'full[y] consider[ing] the prisoner's individualized circumstances.'" *Id.* (discussing *McMaryion*); *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024)[5]; *United States v. Martinez*, No. 23-50418, 2024 WL 658952 (5th Cir. Feb. 16, 2024).

---

[4] Moreover, the government's reliance on *Escajeda* and *McMaryion* is inappropriate to the extent that it conflates Smith's motion for a sentence reduction under § 3582(c) with a motion to challenge the lawfulness of a sentence under 28 U.S.C. § 2255. Smith does not contend that his original sentence was unlawful. *See* Mot. at 5.
[5] And while the Government suggests that *Jean* contradicts "*Escajeda*'s earlier-in-time construction" and Fifth Circuit precedent, Res. at 13, *Jean* is currently binding Circuit precedent.

4

### C. Smith Is Eligible for Relief Under § 1B1.13(b)(5)

The Government does not contend that U.S.S.G. § 1B1.13(b)(5) is invalid. Instead, notwithstanding that Smith is independently eligible for relief under this catchall provision, the Government argues that no single proffered reason alone is extraordinary and compelling. *See generally* Res. In doing so, it ignores that (b)(5) instructs the Court to consider whether Smith's individual circumstances as *a whole* are "extraordinary and compelling." The Government's attempt to compare Smith's young age at the time of the offenses to § 1B1.13(b)(2) is a strawman that should be ignored; as the Commission explained in its explanatory notes on the Amendments, when a defendant's offenses occurred when the defendant was in his late teens or early twenties, as Smith was, that fact when combined with exceptional rehabilitation like that of Smith can amount to an additional extraordinary and compelling reason warranting a sentence reduction. Mot. at 16–17. Similarly, while the Government argues that the remarkable sentencing disparity between Smith's sentence and that of his codefendants does not constitute extraordinary and compelling reasons, other courts have held otherwise.[6] Smith's circumstances, his young age at the time of the offenses, his sentencing disparity with his co-defendants, and his impressive rehabilitation and strong support system, *together*, rise to the level of extraordinary and compelling reasons under § 1B1.13(b)(5) and warrant a reduction to time served.[7]

### III. CONCLUSION

We respectfully request this Court use its authority conferred by the First Step Act and § 1B1.13 to reduce Smith's sentence to time served.

---

[6] *See, e.g.*, *United States v. Payne*, No. 94-CR-150, 2022 WL 2257044, at *5 (N.D. Okla. June 23, 2022) (lengthy sentencing disparity created an extraordinary and compelling reason even when codefendant plead guilty).

[7] Because the Government did not address the § 3553(a) factors, we decline to add anything further except to emphasize that the Government's recognition that Smith "commendably made good use of his time in prison," Res. at 21–22, suggests that Smith is not a danger to anyone.

5

DATED:   New York, New York
October 17, 2024

                                              DEBEVOISE & PLIMPTON LLP

                    By:   /s/ *Steven G. Tegrar*

                           Steven G. Tegrar (*pro hac vice*)
                           Ruth M. Ramjit (*pro hac vice*)
                           sgtegrar@debevoise.com
                           rramjit@debevoise.com
                           66 Hudson Boulevard
                           New York, New York 10001
                           Telephone: (212) 909-6000
                           Fax: (212) 909-6836

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2024, I electronically filed the foregoing in the Eastern District of Texas by using the CM/ECF system.   I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 17, 2024                         */s/ Steven G. Tegrar*
                                                             Steven G. Tegrar (*pro hac vice*)
                                                             *Counsel for Joseph F. Smith*