UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Crim. No. 1:01-CR-00031-MAC-CLS |
| | § |
| JOSEPH FRANKLIN SMITH | § |

### GOVERNMENT'S NOTICE OF NEW AUTHORITY

The government respectfully writes to notify the Court of the decision in *United States v. Austin*, --- F.4th ----, 2025 WL 78706 (5th Cir. Jan. 13, 2025), in connection with the defendant's pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (doc. 248). In *Austin*, a Fifth Circuit panel rejected the defendant's argument that a nonretroactive change in sentencing law can be an extraordinary and compelling reason for a sentence reduction, finding the argument "squarely foreclosed" by *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023), under the Court's rule of orderliness. 2025 WL 78706, at *1. The panel held that "[u]nder a straightforward reading of *Escajeda*, a non-retroactive change in the law is not an extraordinary or compelling reason to reduce a prisoner's sentence." *Id.* at *2.

*Austin* said that this is so despite U.S.S.G. § 1B1.13(b)(6), which says that under certain circumstances a nonretroactive "change in the law . . . may be considered in determining whether the defendant presents and extraordinary and compelling reason." *Id*. The panel explained that the Sentencing Commission lacks the authority to interpret the statutory phrase "extraordinary and compelling"

in a way "that conflicts with the plain meaning of those terms" or with how the Fifth Circuit has authoritatively construed them. *Id.*

The *Austin* panel found that *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024), "was wrongly decided" and "does not control" because the decision "openly disregarded *Escajeda* and its progeny" and violated the "rule of orderliness" by concluding that a change in law may constitute an extraordinary and compelling reason warranting a sentence reduction. 2025 WL 78706, at *2.

On January 14, 2025, the issuance of the mandate in *Austin* was withheld by order of a Fifth Circuit judge. And on July 16, 2024, the issuance of the mandate in *Jean* was withheld by order of a Fifth Circuit judge. The government's petition for rehearing en banc in *Jean* remains pending as of this writing.

Respectfully submitted,

Damien M. Diggs
United States Attorney

/s/ *Bradley Visosky*
Bradley Visosky
Assistant U.S. Attorney
Texas Bar No. 24034727
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
bradley.visosky@usdoj.gov

Attorneys for the United States

**Government's Notice of New Authority – Page 2**

## Certificate of Service

    I certify that on January 15, 2025, a copy of this notice will be sent to counsel for defendant through use of the Court's CM/ECF system.

                                                     /s/ *Bradley Visosky*
                                                     Bradley Visosky